IFG LEASING COMPANY, Appellant,

v.

CHRISTENSEN HATCH FARMS,
INC., Appellee.

Civ. No. 4–85–1071, Bankruptcy
No. 4–82–1008.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 19, 1985.

Kenneth G. Schivone, St. Paul, Minn., for appellant.

Elizabeth L. Zerby, Kampf, Orey, Landsman & Zerby, St. Paul, Minn., for appellee.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

IFG Leasing Company, Inc. (appellant) appeals from that portion of an order of the bankruptcy court[1] dated July 9, 1985 denying it superpriority status under 11 U.S.C. § 507(b).[2] Jurisdiction is alleged under 28 U.S.C. § 158(a).

This appeal arises out of the following facts. In February 1980, Christensen Hatch Farms (appellee) leased crop sprinkling and irrigation equipment from the appellant. By its terms, the lease was to expire in July 1984. On June 6, 1982, appellee filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. Appellant subsequently filed motions for relief from the automatic stay, for adequate protection, for administrative rent, and for an order requiring the trustee to accept or reject the subject lease agreement. Prior to hearing on these motions, the parties stipulated that appellant would receive a first priority lien in the amount of $10,000 against crops grown during the 1984 growing season on the land where appellant's property was located. Under the stipulation, appellee was granted continued use of appellant's equipment. The stipulation provided that the $10,000 lien

---

1. The Honorable Margaret A. Mahoney presiding.

2. In addition to denying appellant superpriority status, the July 9, 1985 Order denied appellant's motions for abandonment of property, adequate protection, administrative rent claims, and acceptance or rejection of a lease. None of these issues have been appealed. The Order also granted appellant's motion for relief from the automatic stay as to certain property leased to the appellee Christensen Hatch Farms, Inc.

was granted as "adequate protection" for IFG for use of its equipment through December 31, 1984. The bankruptcy court issued an Order approving the settlement and granting appellant its lien on April 30, 1984. Neither the stipulation nor the Order granted appellant an administrative priority in case the agreed upon protection failed.

Appellant never received any proceeds from the 1984 crop to satisfy its first priority lien. It therefore filed further motions for relief from the automatic stay, allowance and payment of administrative rent, acceptance or rejection of a lease, and abandonment of property. On July 9, 1985, the bankruptcy court granted appellant's motion for relief from the automatic stay and denied the other motions. The bankruptcy court specifically found that the lease in question was a true lease and not one intended as security.

*Discussion*

■ The parties agree that the sole issue before the court is the legal question of whether appellant is entitled to superpriority status under 11 U.S.C. § 507(b). The bankruptcy court held that appellant is not entitled to a superpriority lien, a conclusion of law that is freely reviewable on appeal. *See Clay v. Traders Bank*, 708 F.2d 1347, 1350 (8th Cir.1983).

The superpriority provision found in 11 U.S.C. § 507(b) provides:

(b) If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of *a holder of a claim secured by a lien on property of the debtor* and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(1) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363 of this title, or from the granting of a lien under section 364(d) of this title, then such creditor's claim under such subsec-

tion shall have priority over every other claim allowable under such subsection. (Emphasis added.)

Appellant argues that because the collateral it was given as adequate protection proved to be inadequate, § 507(b) entitles it to a superpriority claim in the same amount as the failed protection. It asserts that the bankruptcy court erred when it held that § 507(b) only covers a loss in the value of collateral that was not contemplated at the adequate protection hearing. Appellant also contends that the bankruptcy court erred when it referred to the necessity of a creditor having a "further claim" under § 507(b).

■ The court need not address these assertions of error because it finds that 11 U.S.C. § 507(b) only provides secured creditors with an administrative remedy and is, thus, unavailable to appellant, who is a true lessor. The language of the provision specifically limits the remedy to a "holder of a claim secured by a lien on property of the debtor." At the time appellant was granted "adequate protection" there had been no determination by the court as to whether the lease agreement was a true lease or a security agreement. By their stipulation, the parties waived an adequate protection hearing. Protection was granted pursuant to stipulation not by virtue of appellant's status as a secured creditor. Subsequently, after taking testimony, the bankruptcy court determined that the lease agreement was a true lease. This finding has not been appealed by appellant. The characterization in the stipulation of the $10,000 lien on the appellee's 1984 crop as "adequate protection" does not convert appellant into a secured creditor for whom the remedy of § 507(b) was intended. At the time appellant filed its motions, it was not a "holder of a claim secured by a lien on property of the debtor" as required by § 507(b).

Appellant argues nevertheless that the language of the Bankruptcy Code and precedent in the bankruptcy courts demonstrate that lessors are entitled to adequate protection as well as secured creditors. Appellant argues that *In re Sweetwater*, 40 B.R. 733 (Bankr.D.Utah 1984), a case relied

upon by appellee stating that a lessor is not entitled to adequate protection, is isolated and should not be followed.

The court is not persuaded by appellant's authority. All of the cases appellant cites were decided before *Sweetwater*. In a scholarly opinion, the *Sweetwater* court thoroughly examined the legislative history of the Code and the rights of secured creditors and lessors under the Code. It concluded that a lessor's only right was to administrative rent. In summation, the *Sweetwater* court stated, "... Congress intended to provide adequate protection to secured creditors only, not lessors." *Id.* at 745. The court, after carefully considering the parties' arguments, concludes that the *Sweetwater* approach is correct. Because appellant was not provided "adequate protection" as a secured creditor, it is not entitled to superpriority status under 11 U.S.C. § 507(b).

### ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the portion of the Order of the bankruptcy court dated July 9, 1985 denying appellant superpriority status is affirmed.