**In re O–JAY FOODS, INC., Debtor.**

**Bankruptcy No. 3–89–281.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Oct. 18, 1989.

Edward W. Bergquist, Minneapolis, Minn., pro se.

Robert G. Share, Briggs and Morgan, Minneapolis, Minn., for Fort Howard Packaging Corp.

Faye Knowles, Fredrikson & Byron, Minneapolis, Minn., for Michael Wilcox, et al.

GREGORY F. KISHEL, Bankruptcy Judge.

This Chapter 11 case came on before the Court on September 25, 1989, for hearing on the motion of Fort Howard Packaging Corporation ("Fort Howard") for relief from stay. Fort Howard appeared by its attorney, Robert G. Share. Chapter 11 Trustee Edward W. Bergquist appeared *pro se.* Michael Wilcox and other interested parties appeared by their attorney, Faye Knowles. H. R. Weinrich appeared by his attorney, Thomas P. Melloy. Upon the moving and responsive documents and arguments of counsel, the Court denies Fort Howard's motion.

Debtor filed a voluntary petition for reorganization under Chapter 11 on January 25, 1989. By a February 9, 1989 order, the Court appointed Edward W. Bergquist as an operating trustee pursuant to 11 U.S.C. § 1104(a). The Trustee is still in control of Debtor's operations, and states that within several weeks he will file a plan of reorganization which will be effectuated through a sale of Debtor's business and assets to third parties.

Debtor reconstitutes, produces, packages, and markets juice and juice products from its Lindstrom, Minnesota plant. The dispute at bar arises under an "Equipment Lease Agreement" between Fort Howard and Debtor, executed on June 5, 1985. Under the agreement, Debtor leased a "Four Across Food Pac Machine" and related equipment from Fort Howard under a fixed monthly rental charge. The lease does not have a fixed term, providing that it "shall remain in effect from month-to-month ... until terminated by either party upon not less than thirty (30) calendar days written notice." It contains no provision allowing Debtor to purchase the equipment under any terms. The parties acknowledge that it is a "true lease," rather than a secured-lending arrangement which is nominally a lease.[1]

---

1. The lease's lack of a fixed term, free terminability, and lack of any buyout provision probably would compel this conclusion even were the issue uncontroverted, under the governing authority of MINN.STAT. § 336.1–201(37) and *Talcott v. Franklin Nat'l Bank of Mpls.*, 292 Minn. 277, 194 N.W.2d 775 (1972).

Fort Howard concedes that Debtor and the bankruptcy estate are current on payment obligations under the lease, and that insurance on the equipment is in force and effect as required under the lease. It does not now allege that Debtor has failed to properly maintain the equipment.[2] It asserts, however, that Debtor has only the "bare right to possession" of the equipment, subject to termination on thirty days' notice. It then argues, analogizing to *In re Schewe*, 94 B.R. 938 (Bankr.W.D.Mich. 1989),[3] that the extremely limited nature of Debtor's contractual rights, and Fort Howard's unfettered right to terminate the lease upon the requisite notice, in themselves constitute "cause" for a grant of relief from stay to allow it to terminate the lease in its own discretion.

■ While the argument has some surface attraction, it has a fundamental flaw: it assumes that the provisions of 11 U.S.C. § 362(d), and any attendant provisions of 11 U.S.C. § 361, apply to an unexpired lease under which a Chapter 11 debtor is a lessee. They do not. In an exhaustively-researched treatment of the legislative history of the relevant Bankruptcy Code provisions, the Court in *In re Sweetwater*, 40 B.R. 733 (Bankr.D.Utah 1984) concluded that the rights and remedies of lessors during the pendency of the bankruptcy case are governed solely by 11 U.S.C. § 365. 40 B.R. at 744–45.

■ Under this analysis, the *Sweetwater* court concluded that Congress recognized and structured the adequate protec-tion concepts of § 361 to protect the interests of secured creditors, and secured creditors only. Thus, a lessor under an unexpired lease may not demand "adequate protection" in the § 361 sense from a debtor-lessee during the pendency of a bankruptcy case. By extension, then, the lessor may not move for relief from stay under § 362(d)(1); it cannot complain of a lack of adequate protection when it is not entitled to adequate protection in the first place. Further, there is nothing inherent in the basic nature of a lease—no matter how readily terminable—that in itself can constitute the more generalized equitable "cause" upon which relief from stay may be granted. The lessor's remedies, rather, are a motion for an order compelling the debtor or trustee to assume or reject a lease within a specified time, pursuant to 11 U.S.C. § 365(d)(2), 40 B.R. at 744–45, and the right to make an administrative-expense claim for unpaid post-petition rent, 40 B.R. at 745. The District Court for this District has adopted the *Sweetwater* rationale. *See IFG Leasing Co. v. Christensen Hatch Farms, Inc.*, 56 B.R. 237 (D.Minn. 1987).

Under these authorities, it is clear that the remedy of relief from stay, as such, is not available to Fort Howard so as to allow it to terminate the equipment lease. Debtor and its Chapter 11 Trustee are entitled to a reasonable time to decide whether to assume or reject the lease. *In re Whitcomb & Keller Mortgage Co., Inc.*, 715 F.2d 375, 378 (7th Cir.1983); *Theatre Holding Corp. v. Mauro*, 681 F.2d 102, 105 (2d

---

**2.** In its written motion Fort Howard alleged that Debtor and the Trustee had defaulted on two post-petition payments, and had failed to provide proof of insurance. It also alleged that the operators of the machine were using packaging material not manufactured by Fort Howard's affiliate supplier, contrary to a prior understanding between Fort Howard and Debtor, and in a fashion so as to "create a risk of damage to the property." At the hearing, however, Fort Howard's counsel stated that it now relied solely upon the month-to-month character of the tenancy under the lease as the factual basis for its motion, in effect withdrawing all other previously-asserted factual grounds for relief.

**3.** In *Schewe*, the Bankruptcy Court concluded that the similar character of a Chapter 13 debt-or's "tenancy at will" under Michigan law (a periodic tenancy) was, in and of itself, a proper reason under 11 U.S.C. § 362(d)(1) to terminate the stay to allow the landlord to terminate the tenancy upon proper notice. In so ruling, the *Schewe* court primarily relied on the fundamental bankruptcy precept that the filing of a bankruptcy petition does not operate to create property rights in the subject of a pre-petition contract which did not exist before bankruptcy. It stated, explicitly, that it would "not impose a new lease agreement upon the parties" by continuing the bankruptcy stay, where that continuation would prohibit the landlord from terminating the debtor's tenancy and re-taking possession of the premises as it could outside of bankruptcy. 94 B.R. 949–50.

Cir.1982); *In re Sweetwater,* 40 B.R. at 745. Under the language of § 365(d)(2), this time may extend up to the instant before confirmation of a plan. As long as Debtor and the Trustee continue to perform the obligations under the lease, Debtor's actual assumption or rejection of the lease may be deferred until its decision is embodied in a plan and presented to the Court and creditors at a confirmation hearing. It is immaterial that, after such an assumption, Fort Howard would be able to terminate the lessee's rights of the estate, the reorganized debtor, or Debtor's assigns. In the meantime, the estate is entitled to enjoy the right to possession granted by the lease, and Fort Howard has no redressable grievance as long as the estate does not commit an act of default under the terms of the lease.

IT IS THEREFORE ORDERED:

1. That Fort Howard's motion for relief from stay is denied.

2. That the denial of Fort Howard's motion is without prejudice to its right to move for appropriate relief under 11 U.S.C. § 365(d)(2), to file an administrative-expense claim pursuant to LOC.R.BANKR.P. (D.Minn.) 124, or to seek any other form of relief available to it under 11 U.S.C. § 365, in the event that Debtor and the estate do not fully perform all of Debtor's pre-petition obligations under the equipment lease during the pendency of this case.